UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LAMONT GOUGH,

                      Plaintiff,

    v.                                          9:16-CV-1107
                                                 (GTS/DJS)

SERGEANT MORRIS, SERGEANT DAVIDSON,
JOHN DOE CORRECTIONAL OFFICER 1, JOHN DOE
CORRECTIONAL OFFICER 2, and JOHN DOE
CORRECTIONAL OFFICER 3,

                      Defendants.

**APPEARANCES:**                                      **OF COUNSEL:**

LAMONT GOUGH
Plaintiff, *Pro Se*
13-A-0134
Coxsackie Correctional Facility
Box 999
Coxsackie, New York 12051-099

BARBARA D. UNDERWOOD                    WILLIAM A. SCOTT, ESQ.
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

    On September 9, 2016, *pro se* Plaintiff Lamont Gough commenced this action pursuant to 42 U.S.C. § 1983, asserting claims arising from his confinement at Coxsackie Correctional Facility ("Coxsackie C.F."). Dkt. No. 1, Compl. Plaintiff has named two

Defendants, Sergeant Davidson and Sergeant Morris, and three John Doe Defendants who are purported to be officers at Coxsackie C.F. Following initial review by the District Court, Plaintiff's First Amendment retaliation claim against Defendant Morris, Eighth Amendment excessive force claim against Defendant Morris, and Eighth Amendment failure to intervene claim against Defendant Davidson and the three John Does survive. Dkt. No. 9. Specifically, Plaintiff contends that in retaliation for filing a grievance, he was assaulted by Defendant Morris while Defendant Davidson witnessed and did not intervene. Compl.

Presently before this Court is the Motion for Summary Judgment of Defendants Davidson and Morris, which Plaintiff opposes and to which Defendants have filed a reply. Dkt. No. 47, Defs.' Mot. Summ. J.; Dkt. No. 49, Pl.'s Opp.; Dkt. No. 50, Defs.' Reply. Defendants contend that Plaintiff failed to exhaust his administrative remedies, and that his Complaint should therefore be dismissed. Dkt. No. 47-13, Def.'s Mem. of Law. The Court finds that Defendants have established that Plaintiff failed to exhaust his administrative remedies and therefore recommends that the Motion be **granted**. In addition, as discussed below, the Court recommends that Plaintiff's claims against the still unidentified Defendants be **dismissed** *sua sponte*.

## I. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with

[ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224

(2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read his supporting papers liberally, and [ ] interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II. EXHAUSTION

### A. Exhaustion Procedure

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Id.* at 524; *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (stating that the mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). Furthermore, § 1997e(a) requires "proper exhaustion," which means using all steps of the administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). The defendant bears the

burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. *Howard v. Goord*, 1999 WL 1288679, at *3 (E.D.N.Y. Dec. 28, 1999).[1]

In New York, the administrative remedies consist of a three-step Inmate Grievance Program ("IGP"). First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC"), a committee comprised of both inmates and facility employees. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). An inmate must submit a grievance "within 21 calendar days of the alleged occurrence." *Id.* at § 701.5(a). An inmate may request an extension of the time limit within forty-five days of the date of the alleged occurrence. *Id.* at § 701.6(g). The IGRC reviews and investigates the formal complaint and then issues a written determination. *Id.* at § 701.5(b). Second, upon appeal of the IGRC decision, the superintendent of the facility reviews the IGRC's determination and issues a decision. *Id.* at § 701.5(c). Finally, upon appeal of the superintendent's decision, the Central Office Review Committee ("CORC") makes the final administrative determination. *Id.* at § 701.5(d). Only upon exhaustion of all three levels of review may a prisoner seek relief in federal court. *Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing, *inter alia*, *Porter v. Nussle*, 534 U.S. at 524); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516.

---

[1] Exhaustion of administrative remedies is an affirmative defense which must be raised by the defendant. *See Jenkins v. Haubert*, 179 F.3d 19, 28-29 (2d Cir. 1999). The Named Defendants properly raised the affirmative defense in their Answer to the Complaint. Dkt. No. 18 at ¶ 14.

## B. Plaintiff's Failure to Exhaust Administrative Remedies

At the time of the relevant events of this action, Coxsackie C.F. had a grievance program to which inmates had full access. Dkt. No. 47-3, Decl. of Rachel Seguin, at ¶¶ 4-12; Dkt. No. 47-4, Seguin Decl., Ex. A.

There are no recorded grievances filed by Plaintiff regarding any alleged assault or use of excessive force claims against Defendant Morris, an alleged failure to intervene claim against Defendant Davidson, or a retaliation claim against Defendant Morris. *See* Seguin Decl. at ¶¶ 20-23. While Plaintiff was housed at Coxsackie, Plaintiff filed five grievances. Dkt. No. 47-8, Decl. of Tisha Surprenant, ¶ 10; Dkt. No. 47-9, Surprenant Decl., Ex. A. Three of those five grievances were filed before the events at issue in this lawsuit, and so Plaintiff could not have exhausted his administrative remedies utilizing these grievances. Surprenant Decl. at ¶ 11; Surprenant Decl., Ex. A (reflecting filing dates of February 28, 2014, April 23, 2014, and September 10, 2014). Plaintiff filed two grievances at Coxsackie after the date of the alleged incident. *Id.* Those grievances are not related to the events at issue in the Complaint. The first, "Unprofessional Remarks," was filed on April 22, 2015, four months after the events at issue in the Complaint, and is dated March 20, 2015, nearly three months after the events at issue. Dkt. No. 47-7, Seguin Decl., Ex. D. This grievance alleged that Plaintiff was being verbally harassed, that Plaintiff's mail was being violated, and that he was being called a rapist; that grievance only named Counselor Iarusso. *Id.* While this grievance has some similar allegations as does Plaintiff's claim, it has to do with Counselor Iarusso "going around the jail" talking about Plaintiff, and other verbal harassment

which was allegedly ongoing, unlike the verbal and physical alteration alleged in the Complaint. It does not provide any allegations regarding the physical assault and is not otherwise particularized to the January 22, 2015 incident. The other grievance filed after the alleged assault, "Sneakers Not Mailed Out," pertained to sneakers that Plaintiff believed were in the package room. Dkt. No. 47-6, Seguin Decl., Ex. C. This grievance is not relevant to the events at issue in the Complaint and did not name any of the Defendants in this case. As such, neither of these grievances could have been used to properly exhaust Plaintiff's claims.

In his deposition, Plaintiff claimed that he did file a grievance regarding harassment that went to the superintendent. Dkt. No. 47-11, Decl. of Louis Jim, Ex. A, Pl.'s Dep., pp. 20-23. Such harassment grievances are subject to expedited review, which provides for first level review by the superintendent, and a subsequent appeal to the Central Office Review Committee to have fully exhausted the grievance. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.8. While Plaintiff claims that he did appeal the superintendent's response to CORC, there is no evidence in Plaintiff's opposition, or any other submission, of either the harassment grievance itself, the superintendent's response, or Plaintiff's alleged appeal to CORC. Pl.'s Dep. at pp. 21-22. Indeed, Plaintiff testified at his deposition that he never received a response from CORC, and that he did not write a grievance complaining that he did not receive a response. *Id.* at p. 39. Plaintiff's "vague and conclusory allegations that he filed other grievances . . . do not, in light of the documentation that Defendants have provided about Plaintiff's grievance history, create a factual dispute material to the issue of whether Plaintiff exhausted his administrative remedies." *Toliver v. Stefinik*, 2016 WL

3349316, at *6 (N.D.N.Y. June 15, 2016). As such, Plaintiff failed to exhaust his administrative remedies relative to the complaint.

### C. Whether Plaintiff's Failure to Exhaust Administrative Remedies May be Excused

A prisoner's failure to exhaust administrative remedies may nonetheless be excused if remedies were unavailable to the inmate. *Ross v. Blake*, 136 S. Ct. at 1858. As the Supreme Court stated in that case, "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Id.* The Court provided three potential circumstances in which administrative remedies may be unavailable: (1) where the administrative procedure technically exists but operates as a "dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use"; and (3) where prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.

In his opposition papers, Plaintiff claims that (1) he followed the proper procedures and was ignored; (2) his mail was tampered with; (3) he feared retaliation, and (4) he grieved through informal means. *See* Compl. at p. 13;[2] Dkt. No. 1-1, Exs. to Compl. at pp. 18-21; Pl.'s Opp. at pp. 2-5. None of these allegations, however, are sufficient to raise an issue of material fact as to the availability of administrative remedies that would excuse his failure to exhaust.

---

[2] When citing to Plaintiff's submissions, the Court will cite to the pagination assigned by the Court's Case Management Electronic Case Files ("CM/ECF") System.

First, in his Complaint, Plaintiff describes frustration with Coxsackie C.F.'s grievance process, stating that he followed the proper procedures and that he did not get any responses and that he was "basically ignored." Exs. to Compl. at p. 20. In his letters to correctional facility staff, Plaintiff specifically describes issues with Coxsackie C.F.'s mail process, stating that the mail he attempts to send is not properly delivered and that he believes his mail is being tampered with. Seguin Decl., Ex. C. at p. 21; Seguin Decl., Ex. D at p. 6. Plaintiff also makes loose claims that his paperwork gets lost. Seguin Decl., Ex. D at p. 6. Plaintiff attaches to his Opposition a written request dated February 15th, 2015, in which Plaintiff asked for his grievances back and described his frustration regarding lack of responses and allegedly missing paperwork. Pl.'s Opp. at p. 6. However, it is entirely unclear to what this refers; it is not evident that this relates to the claims in Plaintiff's Complaint, and Plaintiff does not demonstrate that it does.

In his general allegations regarding the mail and being ignored, Plaintiff fails to provide any facts regarding when he tried to file administrative grievances or appeals regarding the alleged assault. For example, he offers no evidence about when or to whom he allegedly provided grievances regarding the incident at issue in this case. Nor does he provide copies of the any alleged grievances regarding this incident. "Courts have consistently held [ ] that an inmate's general claim that his grievance was lost or destroyed does not excuse the exhaustion requirement." *Rosado v. Fessetto*, 2010 WL 3808813, at *7 (N.D.N.Y. Aug. 4, 2010); *Rodriguez v. Cross*, 2017 WL 2791063, at *7 (N.D.N.Y. May 9, 2017) ("Courts in this Circuit have continuously held that mere contentions or speculation

of grievances being misplaced by officers do not create a genuine issue of material fact when there is no evidence to support the allegations."); *Artis v. Dishaw*, 2016 WL 11266599, n.13 (N.D.N.Y. Sept. 12, 2016) (finding that plaintiff's failure to exhaust was not excusable, in part because, while the plaintiff "state[d] that some grievances were destroyed, but he has not submitted any copies of these grievances, nor does he specify when he attempted to file them.").

Further, even if Plaintiff did believe that his attempts at filing a grievance regarding his assault would be ineffective, this does not excuse his failure to do so. The case law is clear that "[p]risoners are required to exhaust their administrative remedies 'even if they believe that administrative remedies would be ineffective or futile.'" *Harrison v. Goord*, 2009 WL 1605770, at *4 (S.D.N.Y. June 9, 2009); *see also Woodford v. Ngo*, 548 U.S. at 89-90 (stating that "exhaustion requirements are designed to deal with parties who do not want to exhaust," including those who "conclude—correctly or incorrectly—that exhaustion is not efficient in that party's particular case.").

Plaintiff asserts in his Complaint and deposition that he is being consistently harassed and intimidated by officers at Coxsackie C.F. Exs. to Compl. at p. 20; Pl.'s Dep. at p. 39. Plaintiff also stated in his deposition that he stopped writing grievances because he had been threatened. Pl.'s Dep. at p. 39; *see also* Exs. to Compl. at p. 36. Under *Ross*, threats or other intimidation by prison employees may render administrative remedies unavailable. *Ross v. Blake*, 136 S. Ct. at 1860, n.3. However, on this record such a contention is inconsistent with Plaintiff's assertions that he did properly grieve the assault, and with Plaintiff's filing of

grievances after that time. *See, e.g.*, Pl.'s Opp. at ¶ 20; Seguin Decl. Ex. B; *Crawford v. Baltazar*, 2018 WL 2041711, at *6 (S.D.N.Y. Apr. 30, 2018).

Instead, Plaintiff's allegations amount to a "generalized fear of retaliation" without allegations of any specific threats or other actions that would prevent him from filing a grievance regarding the alleged assault. Such allegations are insufficient to excuse a failure to exhaust. *See Brown v. Napoli*, 687 F. Supp. 2d 295, 297 (W.D.N.Y. 2009) ("[P]laintiff's mere allegation of a generalized fear of retaliation is insufficient to excuse his failure to file a grievance[.]"); *see also Rodriguez v. Cty. of Suffolk*, 2014 WL 3531897, at *5 (E.D.N.Y. June 30, 2014) ("Courts tend to find mere 'generalized fear' when no actual threat was made.") (internal citation omitted).

Plaintiff also appears to contend that he satisfied the exhaustion requirement via informal means, as in his Complaint he states that he was interviewed by the Inspector General. Compl. at p. 13. However, the described interactions, indicating that prison officials were likely aware of the nature of Plaintiff's complaint, are insufficient to constitute "proper exhaustion." *See Davis v. Doe*, 2017 WL 8640829, at 3 (N.D.N.Y. Dec. 29, 2017). *See also Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) ("Alerting the prison officials as to the nature of the wrong for which redress is sought, does not constitute 'proper exhaustion.'") (internal citation omitted)). "Regardless of whether . . . informal complaints put the prison officials on notice of his grievance '*in a substantive sense*,' . . . to satisfy the PLRA a prisoner must also *procedurally* exhaust his available administrative remedies." *Id.* at 43.

Plaintiff has not provided any evidence that could satisfy any of the three

circumstances that could excuse failing to exhaust under *Ross*. Plaintiff does not demonstrate that the grievance procedure operated as a dead end in that officers were unable or unwilling to provide relief, or that the administrative scheme was so opaque that it was incapable of use. *Ross v. Blake*, 136 S. Ct. at 1853-54. Nor does Plaintiff sufficiently allege that prison officials "'misled, threatened, or otherwise deterred' him from utilizing the IGP." *Hooks v. Howard*, 2010 WL 1235236, at *7 (N.D.N.Y. Mar. 30, 2010).

Accordingly, for the foregoing reasons, the Court finds that Plaintiff has not established an issue of material fact as to the availability of administrative remedies. The Court therefore recommends that Defendants' Motion be **granted** based upon Plaintiff's failure to exhaust.

### III. JOHN DOE DEFENDANTS

As to the still unidentified John Doe Defendants, I recommend these Defendants be **dismissed** for a number of reasons: (1) Plaintiff's failure to comply with a court order under Fed. R. Civ. P. 16(f);[3] (2) Plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b) and N.D.N.Y.L.R. 41.2(a); and (3) Plaintiff's failure to serve within 90 days under Fed. R. Civ. P. 4(m). I also note that even if Plaintiff had properly named the John Doe Defendants, it would be of no consequence because, as noted above, Plaintiff has failed to exhaust his administrative remedies.

---

[3] The District Judge ordered Plaintiff to "take reasonable steps through discovery to ascertain their identities," and "advised that any unnamed individual is not timely served, the action may be dismissed against that defendant." Dkt. No. 9 at p. 12; *see also* Dkt. No. 13 (Decision and Order providing guidance on identifying the John Doe Defendants). Discovery ended in this matter on January 31, 2018. *See* Dkt. No. 41.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 47) be **GRANTED** and that Plaintiff's claims be **DISMISSED**; and it is further

**RECOMMENDED**, that Plaintiff's claims against the John Doe Defendants be **DISMISSED** *sua sponte*; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: December 14, 2018
      Albany, New York

/s/ Daniel J. Stewart
Daniel J. Stewart
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).