UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LAMONT GOUGH,

                      Plaintiff,

v.                                                        9:16-CV-1107
                                                       (GTS/DJS)

SERGEANT MORRIS, Coxsackie Corr. Fac.;
SERGEANT DAVIDSON, Coxsackie Corr. Fac.;
JOHN DOE #1, Officer, Coxsackie Corr. Fac.;
JOHN DOE #2, Officer, Coxsackie Corr. Fac.; and
JOHN DOE #3, Officer, Coxsackie Corr. Fac.,

                      Defendants.
_____

APPEARANCES:                                             OF COUNSEL:

LAMONT GOUGH
  Plaintiff, *Pro Se*
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, New York 12051

HON. LETITIA JAMES                              WILLIAM A. SCOTT, ESQ.
Attorney General for the State of New York         Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this *pro se* prisoner civil rights action filed by Lamont

Gough ("Plaintiff") against the five above-captioned employees of the New York State

Department of Corrections and Community Supervision ("Defendants") pursuant to 42 U.S.C. §

1983, is the Report-Recommendation of United States Magistrate Judge Daniel J. Stewart

recommending that Defendants Morris and Davidson's motion for summary judgment be

granted, that the Court dismiss Plaintiff's claims against those two Defendants for failure to exhaust his available administrative remedies, and that the Court *sua sponte* dismiss Plaintiff's remaining claims against the three John Doe Defendants for (1) failure to comply with a Court Order and/or to prosecute this action under Fed. R. Civ. P. 41(b) and N.D.N.Y. L.R. 41.2(a), (2) failure to serve under Fed. R. Civ. P. 4(m), and/or (3) failure to exhaust his available administrative remedies. (Dkt. No. 53.) None of the parties have filed objections to the Report-Recommendation, and the deadline in which to do so has expired. (*See generally* Docket Sheet.) After carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation:[1] Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety: Defendants Morris and Davidson's motion for summary judgment is granted; Plaintiff's claims against those two Defendants are dismissed for failure to exhaust his available administrative remedies; and Plaintiff's remaining claims against the three John Doe Defendants are *sua sponte* dismissed for (1) failure comply with a Court Order and/or to prosecute this action, (2) failure to serve and/or (3) failure to exhaust his available administrative remedies.

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 53) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants Morris and Davidson's motion for summary judgment (Dkt. No. 47) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims against Defendants Morris and Davidson are **DISMISSED** for failure to exhaust his available administrative remedies; and it is further

**ORDERED** that Plaintiff's remaining claims against the three John Doe Defendants are *sua sponte* **DISMISSED** for (1) failure to comply with a Court Order and/or to prosecute this action under Fed. R. Civ. P. 41(b) and N.D.N.Y. L.R. 41.2(a), (2) failure to serve under Fed. R. Civ. P. 4(m), and/or (3) failure to exhaust his available administrative remedies; and it is further

**ORDERED** that the Clerk of the Court shall enter Judgment for Defendants and close this action.

The Court certifies that an appeal from this Decision and Order would not be taken in good faith.

Dated: January 31, 2019
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge